UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JERMAINE CORTEZ PATE, | ) |
| Petitioner, | ) |
| v. | ) No. 2:25-CV-00043 JMB |
| RUSTY RATLIFF, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented petitioner Jermaine Pate's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [ECF No. 1]. The petition is defective, and as a result, petitioner will be required to submit an amended application for writ of habeas corpus on a Court-provided form within twenty-one (21) days of the date of this Order. *See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable. If an action is not filed on a Court-provided form, the Court, in its discretion, may order the self-represented plaintiff or petitioner to file the action on a Court-provided form."). Petitioner will also be required to either pay the $5.00 filing fee or file a motion to proceed in forma pauperis within twenty-one (21) days.

### The Petition

Rather than fill out a Court-provided § 2254 form as required, petitioner has filed a handwritten document titled "Petitioner's Verified Request for Issuance of a Writ of Habeas Corpus ad Subjiciendeum." He appears to challenge a criminal judgment for the offense of receipt of stolen property, issued in Iron County, Missouri, in 2013,[1] for which he was sentenced to seven

---

[1] Venue was transferred from Crawford County, Missouri, in petitioner's original criminal case, which was denoted as *State v. Pate*, No. 11CF-CR00532-02 (42nd Jud. Cir., Iron County Court).

years imprisonment in the Missouri Department of Corrections. *See State v. Pate*, No. SD33086 (Mo.Ct. App. May 28, 2015) (affirming plaintiff's original judgment on direct appeal).[2]

The Court will require petitioner to amend his petition for writ of habeas corpus on a Court-provided form within twenty-one (21) days of the Court's Order. The Clerk of Court will be directed to send to petitioner the Court's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." If petitioner wishes to pursue habeas corpus relief under 28 U.S.C. § 2254 in this Court, he should file an amended petition on this Court-provided form. If petitioner's filing was mistakenly sent to this Court and he does not wish to seek relief here, petitioner should inform the Court that he would like to voluntarily dismiss this action.

Petitioner should be aware that to bring a habeas action pursuant to § 2254 before this Court, he must have exhausted his state court remedies prior to doing so. *See Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996). Furthermore, petitioner is warned that if files a motion under § 2254, any future § 2254 motions will be subject to the restrictions on filing second or successive motions. That is, petitioner will not be permitted to bring a second or successive § 2254 motion unless the United States Court of Appeals for the Eighth Circuit certifies that the second or successive motion meets the requirements set forth in 28 U.S.C. § 2244(b)(3)(A). Finally,

---

[2]It appears that Pate filed a pro se and amended motion for post-conviction relief on or about July 13, 2015. *Pate v. State,* No. 15IR-CC00027 (42nd Jud. Cir., Iron County Court). Pate and the State agreed to submit the amended motion for the court's consideration based on the underlying criminal case file, the deposition transcript of Pate's trial counsel, and the deposition transcript of Pate's appellate counsel "in lieu of a live evidentiary hearing." On March 21, 2016, the motion court issued a judgment granting the amended motion ("the first judgment"). On April 13, 2016, the State filed a "Motion to Vacate Judgment." On June 28, 2016, the motion court granted the State's "Motion to Vacate Judgment." On August 1, 2016, the motion court then entered a new judgment denying Pate's amended Rule 29.15 motion ("the second judgment"). The Missouri Court of Appeals affirmed the second judgment on appeal. *Pate v. State*, No. SD34672 (Mo.Ct.App. October 27, 2017).

petitioner is warned that § 2254 motions are subject to a one-year limitations period. *See* 28 U.S.C.§ 2244(d).

### Motion to Proceed in Forma Pauperis

Petitioner has failed to either pay the $5.00 filing fee or file a motion to proceed in forma pauperis in this action. He will be required to do one or the other to proceed. The Court will require him to do so within twenty-one (21) days of the date of this Order. Failure to either pay the $5.00 filing fee or submit a motion to proceed in forma pauperis will necessitate dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to petitioner a copy of the Court's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" form.

**IT IS FURTHER ORDERED** that if petitioner wants to pursue habeas relief in this Court, he should file an amended petition on the Court-provided form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall provide petitioner a copy of the Court's form motion to proceed in forma pauperis and affidavit in support – habeas cases.

**IT IS FURTHER ORDERED** that petitioner must either pay the $5.00 filing fee or submit a motion for leave to proceed in forma pauperis, within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this Order in the time allotted, the Court will assume that he does not wish to proceed in this matter and the case will be dismissed.

Dated this 9th day of June, 2025.

>                              */s/ John M. Bodenhausen*
>                              JOHN M. BODENHAUSEN
>                              UNITED STATES MAGISTRATE JUDGE