# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JERMAINE CORTEZ PATE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:25-CV-00043 JMB |
| RUSTY RATLIFF, | ) ) ) |
| Respondent. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon petitioner's response to the Order to Show Cause why this action should not be dismissed as untimely. [ECF No. 9]. Because the record shows that the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is time-barred, this action will be denied and dismissed.

## Background

Petitioner Jermaine Tate is a self-represented litigant who is currently incarcerated at the Moberly Correctional Center in Moberly, Missouri. On May 29, 2025, petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. Petitioner indicated he was challenging a judgment of conviction from Iron County Circuit Court in Ironton, Missouri.

On September 5, 2023, the Court reviewed petitioner's case history on Case.net, Missouri's online case management system, to find the underlying state criminal case. The Court took judicial notice of the public state records as follows:[1]

---

[1] *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

>On October 17, 2013, petitioner was sentenced to a term of seven years imprisonment in the Missouri Department of Corrections after a guilty verdict in a jury trial in Iron County on the charge of the class C felony of receiving stolen property. *State v. Pate*, No. (42nd Jud. Cir., Iron County Court). Petitioner's conviction was affirmed on appeal on May 28, 2015. *State v. Pate*, No. SD33086 (Mo.Ct.App. 2015). The mandate issued on June 15, 2015. *Id.*
>
>On July 22, 2015, petitioner filed a pro se motion to set aside his conviction pursuant to Missouri Supreme Court Rule 29.15. *Pate v. State*, No. 15IR-CC00027 (42nd Jud. Cir., Iron County Court). The Circuit Court initially ordered a new trial on March 21, 2016. *Id.* However, the State filed a motion to vacate the Court's order on April 13, 2016. *Id.* After a hearing on the matter, the Circuit Court set aside its March 21, 2016 order for new trial on June 28, 2016. *Id.* On August 1, 2016, the Circuit Court entered an order denying petitioner's 29.15 motion to vacate. *Id.* Petitioner appealed the matter to the Southern District Court of Appeals. *See Pate v. State*, No. SD34672 (Mo.Ct.App. 2017).
>
>The Court of Appeals affirmed the order of the Circuit Court denying the motion to set aside his conviction on October 27, 2017. *Id.* Petitioner moved for rehearing or transfer on November 13, 2017. *Id.* The Court of Appeals denied the motion on November 21, 2017. *Id.* The mandate was entered on December 7, 2017. *Id.*

ECF No. 7 at 1-2.

The Court noted that pursuant to Missouri Supreme Court Rule 83.02, petitioner's conviction and sentence became final, on direct appeal, on June 12, 2015, the date that the fifteen-day time period for filing an application for transfer with the Missouri Court of Appeals expired. [ECF No. 7, at 3]. Although petitioner filed his Rule 29.15 motion on July 22, 2015, the forty-day period between June 12, 2015, and July 22, 2015, counted toward his one-year statute of limitations period under 28 U.S.C. § 2244(d)(1)(A). Although the Court noted that petitioner's statute of limitations under § 2244 was tolled while his postconviction proceedings were pending,[2] from

---

[2] *See Maghee v. Ault,* 410 F.3d 473, 475 (8th Cir. 2005). See also 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitation period under this subsection"). Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that

2

July 22, 2015, through December 17, 2017, petitioner was directed to show cause as to why his petition should not be dismissed as untimely because approximately seven and a half years passed before he filed the instant action.

Petitioner filed a response to the Court's Order to Show Cause on June 24, 2025. [ECF No. 9]. He asserts that he is innocent of the crime for which he was convicted.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who file a direct appeal but fail to file a motion for transfer with the Missouri Supreme Court, the judgment

---

petitioner's petition, filed exactly one year after the issuance of the mandate in his post-conviction case, was timely).

3

becomes final on the date the time for filing an application for transfer expires. *See* Mo. Sup. Ct. R. 83.02 (stating that a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed).

As noted above, although petitioner's statute of limitations ran for forty (40) days between June 12, 2015 and the date he filed his motion for postconviction relief on July 22, 2015, his statute of limitations was tolled during the pendency of his postconviction filings until issuance of the postconviction mandate on December 17, 2017. *See Maghee*, 410 F.3d at 475; *Payne,* 441 F.3d at 572. Thus, his petition for habeas corpus was due to the Court no later than November 7, 2018.

Petitioner's response to the Order to Show Cause does not dispute the Court's summary of the timeline, nor does he dispute that his § 2254 habeas petition is untimely. Petitioner is also not entitled to any equitable tolling. Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The one-year limitations period may be equitably tolled if a petitioner demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The information provided within petitioner's response does not constitute extraordinary circumstances and does not evidence that he has pursued his rights diligently.

To the extent petitioner asserts that he was innocent of the charges for which he was convicted, this does not save his untimely petition. Although a showing of actual innocence may

excuse an untimely filing, a petitioner must "show some action or inaction on the part of respondent that prevented him from discovering the relevant facts in a timely fashion, or at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Graves,* 299 F.3d 974, 978 (8th Cir.2002). He has failed to make such allegations.

Additionally, there is no indication that petitioner's claims of actual innocence are credible such that they should toll the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (in which the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [through the] expiration of the statute of limitations"). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In this case, the only evidence put forward by petitioner is his own conclusory allegations. Here, petitioner has failed to explain how any act of respondent prevented him from filing a petition for writ of habeas corpus in a timely fashion. Petitioner could have raised his claims for actual innocence in a timely application for writ of habeas corpus. Failing to timely raise these issues means that he is now barred from doing so.

Last, the Court feels compelled to address a new argument raised by petitioner in his response brief. Petitioner appears to assert that because, on August 23, 2016, in *State v. Bazell*,[3] the Missouri Supreme Court held that the language of section Missouri Revised Statute § 570.030 did not permit the offense of stealing to be enhanced to a felony, his sentence under Missouri

---

[3] 497 S.W.3d 263, 265 (Mo. 2016).

Revised Statute § 570.080 for receipt of stolen property should be held "void for vagueness" and "unconstitutional." This argument is not cognizable because it is based entirely on a purported error of state law.[4] It is not the role of this Court to second-guess the state court's determination about a question of Missouri law. *See Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012) ("We do not second-guess the decision of a Missouri state court on Missouri law."); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions."). Petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

The Court, therefore, finds petitioner's application for writ of habeas corpus is time-barred, and will deny and dismiss it pursuant to Rule 4.

**Certificate of Appealability**

The Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). To issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues

---

[4] The Court notes, however, that the Missouri Supreme Court determined *Bazell,* which was decided while petitioner's postconviction proceedings were pending, does not apply retroactively. *See State ex rel. Windeknecht v. Mesmer,* 530 S.W.3d 500 (Mo. 2017). And there is no indication that petitioner made an argument under *Bazell* in his postconviction proceedings. Because petitioner's sentence is valid under Missouri law, petitioner has not stated a cognizable claim for federal habeas relief.

6

deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time barred.

**IT IS FURTHER ORDERED** that petitioner's second motion to proceed in forma pauperis [ECF No. 8] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of June, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE